## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emilio Jean, | No. CV-19-08125-PCT-SPL (MTM) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:

Petitioner Emilio Jean has filed a Petition for Writ of Habeas Corpus (doc. 1) pursuant to 28 U.S.C. § 2254.

**I.    Summary of Conclusion.**

Petitioner was convicted of four felonies stemming from the transportation of approximately 2,140 pounds of marijuana. Petitioner alleges that the Arizona Supreme Court unreasonably determined that the warrantless GPS tracking of Petitioner's vehicle did not violate the Fourth Amendment, and that Petitioner's Confrontation Clause rights were violated by the admission at trial of statements from an adverse witness and the prosecutor. The Court recommends the Petition be denied, as Petitioner's Fourth Amendment claim is procedurally barred under *Stone v. Powell*, 428 U.S. 465 (1976), and Petitioner's Confrontation Clause claim is procedurally defaulted.

//

**II.     Facts and Procedural Background.**

    **A.     Factual Background.**

The Supreme Court of Arizona set forth the following facts[1] in its review of Petitioner's case:

> In February 2010, [Petitioner] and David Velez–Colon shared the driving of a commercial tractor-trailer from Georgia to Arizona. While the vehicle was in Phoenix, Department of Public Safety ("DPS") officers became suspicious and ran a license plate search, revealing that the trailer, marked "Swift," was reported stolen and that the truck was registered to "Swiff" with Velez–Colon as the company owner. Suspecting that the vehicle was being used to transport drugs, DPS officers installed a GPS tracking device on the truck without obtaining a warrant. Although the officers knew Velez–Colon owned the truck, they did not know [Petitioner] was traveling with him.
>
> Federal Drug Enforcement Agency officers followed the vehicle to Tucson where they witnessed Velez–Colon engage in a suspicious hand-to-hand exchange. The federal agents continued their surveillance of the truck as it returned to Phoenix without dropping off a load. After the truck left Phoenix at 9:30 pm on February 17, 2010, and then as it traveled to California, law enforcement officers monitored it exclusively through GPS, tracking the vehicle to a truck stop, to a warehouse, and then back to a truck stop in Ontario, California, before it returned to Arizona. Velez–Colon and [Petitioner] took turns driving. Overall, the officers monitored the truck's movements with GPS for about thirty-one hours over three days.
>
> Assisted by the GPS location data, a DPS officer stopped the vehicle around 4:00 am on February 19 after it reentered Arizona. When the officer approached the truck, Velez–Colon was in the driver's seat and [Petitioner] was lying, apparently asleep, in the truck cabin's sleeping bunk. The officer asked [Petitioner], as the co-driver, to present his driver's license and logbook and asked about their journey. [Petitioner] said he was paid to drive by Velez–Colon. The officer separately asked both Velez–Colon and [Petitioner] for permission to search the truck; they each refused. After a drug-detection dog alerted to the trailer, officers searched it and found 2140 pounds of marijuana.

*State v. Jean*, 407 P.3d 524, 526 (Ariz. 2018) ("*Jean II*"). On March 27, 2012, Petitioner was charged with one count of conspiracy to commit money laundering and transportation of marijuana in an amount greater than two pounds, one count of illegally conducting an enterprise, one count of money laundering, and one count of transportation of marijuana in an amount greater than two pounds. (Doc. 11-1, Ex. A at 4-5).

Before trial, Petitioner moved to suppress the evidence, arguing that the installation of the GPS tracking device constituted an illegal search in violation of the United States

---

[1] Under 28 U.S.C. § 2254(e)(1), the Court presumes that the state court's recounting of the facts is correct.

and Arizona Constitutions. *Jean II*, 407 P.3d at 527. The Arizona Supreme Court summarized Petitioner's argument:

> [Petitioner] moved to suppress the evidence, arguing that the discovery of the marijuana in the trailer was the result of an illegal search because the officers lacked a warrant when they placed the GPS tracking device on the truck. [Petitioner] argued that the GPS tracking violated his possessory and privacy rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and article 2, section 8 of the Arizona Constitution. The trial court held an evidentiary hearing on [Petitioner]'s motions; he did not testify at the hearing.
>
> ***
>
> The trial court denied [Petitioner]'s motion to suppress, reasoning that [Petitioner], as a passenger, did not have standing to object to the State's use of the GPS tracking device on the truck owned by Velez–Colon.

*Id.* On April 25, 2014 a jury convicted Petitioner on all charges. (Doc. 11-1, Ex. B at 8-9). On June 24, 2014, Petitioner was sentenced to ten years in prison and a five-year term of probation to follow. (Doc. 11-1, Ex. C at 12).[2]

**B.    Direct Appeal.**

On June 27, 2014, Petitioner appealed his convictions and sentences to the Arizona Court of Appeals. (Doc. 11-1, Ex. D at 22-23). Petitioner raised: (1) the trial court abused its discretion in permitting evidence of Petitioner's alleged prior bad acts; (2) Petitioner had standing to object to the installation of the GPS tracker on the trailer; and (3) the trial court erred in denying Petitioner's request for a mistrial. (Doc. 11-1, Ex. E at 28). As to the prior bad acts issue, Petitioner argued that the introduction of an alleged 1999 incident in Missouri violated Rule 404(b) of the Arizona Rules of Evidence. (*Id.* at 43-45). As to the Fourth Amendment issue, Petitioner argued that he had standing to challenge the GPS placement and monitoring under *United States v. Jones*, 565 U.S. 400 (2012), and *Katz v. United States*, 389 U.S. 347 (1967). (Doc. 11-1, Ex. E at 46).

On June 21, 2016, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. *State v. Jean*, 372 P.3d 1019 (Ariz. Ct. App. 2016) ("*Jean I*"). The Court

---

[2] On June 23, 2020, Petitioner filed a Notice of change of Address (doc. 18) indicating that Petitioner is no longer incarcerated and now resides in Brooklyn, New York. Because Petitioner was also sentenced to a term of probation that has not yet expired, Petitioner is still "in custody" for purposes of habeas relief, and this action is not moot. *Maleng v. Cook*, 490 U.S. 488, 491 (1989); *Pianka v. DeRosa*, No. CV-14-2720-PHX-DGC (MHB), 2015 WL 3613901 at *3 (D. Ariz. June 9, 2015).

found no abuse of discretion in the admission of the prior acts. *Id*. at 1022-23.

On the Fourth Amendment issue, the Arizona Court of Appeals concluded that *Jones* was distinguishable from Petitioner's case, because unlike Petitioner, the defendant in *Jones* was "the exclusive driver" of the vehicle, even though the vehicle was owned by the defendant's wife. *Jean I*, 372 P.3d at 1023 (citing *Jones*, 565 U.S. at 404 n.2). Accordingly, the defendant in *Jones* had constructive possession of the vehicle and standing to object to the installation of a GPS monitoring device.  In contrast, the Court concluded that Petitioner did not have standing, because he did not have a possessory interest in the truck. *Jean I*, 372 P.3d at 1024.  The Court rejected Petitioner's argument that he had a reasonable expectation of privacy in the movements of the vehicle. *Id*.

**C.    Supreme Court Proceeding.**

Petitioner sought review in the Supreme Court of Arizona. (Doc. 11-1, Ex. G at 71). On January 3, 2018, the Arizona Supreme Court affirmed Petitioner's convictions and sentences. *Jean II*, 407 P.3d at 546.

The Arizona Supreme Court held that the lower courts had erred in concluding that Petitioner lacked standing to challenge the installation of a GPS device. The Court distinguished *United States v. Knotts,* 460 U.S. 276, 285 (1983) (holding periodic monitoring of beeper on vehicle on public thoroughfares did not implicate the Fourth Amendment), noting that GPS devices do not distinguish between "private properties and public thoroughfares."  *Jean II*, 407 P.3d at 532-33. The Court concluded that Petitioner did have a reasonable expectation of privacy as a passenger traveling with the owner in a private vehicle. *Id*. at 533.  Nonetheless, the Court applied the good-faith exception to the exclusionary rule and affirmed the denial of Petitioner's motion to suppress.  *Jean II*, 407 P.3d at 535-6.  On June 11, 2018, the Supreme Court of the United States denied certiorari. *Jean v. Arizona*, 138 S. Ct. 2626 (2018) (mem.)

**D.    Post-Conviction Relief Proceeding.**

On July 17, 2019, Petitioner filed a Petition for Post-Conviction Relief ("PCR") in Coconino County Superior Court. (Doc. 11-2, Ex. K at 9). Petitioner asserted that all

- 4 -

evidence seized from the truck should have been suppressed under the exclusionary rule, and that trial counsel was ineffective for failing to cite certain precedent in support of the motion to suppress. (*Id.* at 36). Petitioner did not argue a Confrontation Clause violation in the PCR Petition.

As Petitioner received "one complete round of the State's established appellate review process" via direct appeal, Petitioner had the opportunity to exhaust his claims prior to filing the present federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). *See also Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)("[c]laims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them."). For the reasons explained in Section V, *infra*, Petitioner's claims are either without merit or procedurally defaulted. Therefore, resolution of the PCR Petition is not necessary for the Court to consider the habeas petition.

**III.    The Petition.**

On April 29, 2019, Petitioner filed a Petition for Writ of Habeas Corpus (doc. 1) in this Court. Petitioner asserted two grounds for relief, summarized by the Court as follows:

> In Ground One, Petitioner claims that the warrantless GPS tracking of the vehicle in which he was a passenger constituted an unlawful search in violation of his rights under the Fourth Amendment, and therefore, the evidence seized from the vehicle should have been excluded at trial.
>
> In Ground Two, Petitioner claims that statements introduced at trial from an adverse witness and the prosecutor were prejudicial and violated his confrontation rights under the Sixth Amendment, and therefore, the trial court erred in denying his motion for mistrial.

(Doc. 6 at 2). On February 11, 2020, Respondents filed an Answer (doc. 11). On March 13, Petitioner filed a Reply (doc. 15).

**IV.    Principles of Law.**

The Fourth Amendment provides: "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. The "exclusionary rule" prohibits evidence obtained through an illegal search or seizure of a defendant from being introduced in a prosecution to incriminate a defendant. *Stone v. Powell*, 429 U.S. 465, 481-87 (1976). In

the context of a federal habeas corpus petition, however, the "contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force." (*Id*. at 494-95). Thus, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." (*Id*. at 494).

"The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Newman v. Wengler*, 790 F.3d 876, 880 (9th Cir. 2015)(quoting *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996)). "All *Stone v. Powell* requires is the initial opportunity for a fair hearing. Such an opportunity for a fair hearing forecloses this court's inquiry, upon habeas corpus petition, into the trial court's subsequent course of action, including whether or not the trial court has made express findings of fact." (*Id*. at 881)(quoting *Caldwell v. Cupp*, 781 F.2d 714, 714 (9th Cir.1986)).

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless a petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").

**V.     Analysis.**

    **A.     Ground One.**

Ground One is procedurally barred under *Stone*, because Petitioner had a full and fair opportunity in state court to litigate his Fourth Amendment claim. Petitioner raised the alleged unconstitutional search of the truck before the Coconino County Superior Court, the Arizona Court of Appeals, and the Arizona Supreme Court. *See Jean I*, 372 P.3d at 499

(describing litigation of Petitioner's motion to suppress in state trial court); *Jean II*, 407 P.3d at 333-34 (describing litigation in trial court and before the Arizona Court of Appeals). Petitioner had ample opportunity prior to trial to litigate his Fourth Amendment claim. Moreover, Petitioner does not allege defects in the state evidentiary hearing; Petitioner simply argues that the state court decided the Fourth Amendment claim incorrectly. Accordingly, Petitioner's Fourth Amendment claim is procedurally barred under *Stone*.

Petitioner argues that *Stone* should not apply, asserting that he did not have the opportunity to litigate the Supreme Court of Arizona's conclusion that the good faith exception applied to Petitioner's Fourth Amendment claim. (Doc. 15 at 2). However, the Ninth Circuit has previously considered and rejected the argument that *Stone* should not apply where an appellate court decides a Fourth Amendment claim on different grounds than the trial court:

> He does not argue that this was not enough for a full and fair opportunity to litigate his Fourth Amendment claims. Instead, he contends that he was "ambushed" by the state court of appeals when it decided his Fourth Amendment claim on a different ground than the trial court…. Newman was aware that the State would argue a new theory on appeal when he received its brief. Newman addressed the State's arguments in his reply brief, in his brief when he petitioned for rehearing by the state court of appeals, and in his petition before the Idaho Supreme Court. This was a full and fair opportunity.

*Newman*, 790 F.3d at 880-81. In the instant case, the Supreme Court of Arizona's conclusion regarding the good faith exception referred explicitly to arguments raised in the state's briefing. *See Jean II*, 407 P.3d at 535 ("The State contends that [*United States v. Knotts*, 460 U.S. 276 (1983)] was clearly binding precedent and correctly notes that almost all federal circuit courts have concluded. . .that the exclusionary rule should not apply to pre-*Jones* tracking. . . . We agree with the many courts that have concluded that the good-faith exception applies."). Accordingly, Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim at the trial level, and as in *Newman*, Petitioner had the opportunity at the appellate level to respond to arguments on the issue—the good-faith exception—that the Arizona Supreme Court ultimately found to be dispositive.  In light of this opportunity, Petitioner was not ambushed by the Arizona Supreme Court's decision.

Having had a full and fair opportunity in state court to litigate his Fourth Amendment claim, Petitioner is foreclosed from habeas relief by *Stone v. Powell*, 429 U.S. 465 (1976).

**B.    Ground Two.**

Ground Two is procedurally defaulted. Petitioner did not fairly present the Confrontation Clause claim to the Arizona Court of Appeals on direct appeal; Petitioner's brief before the Arizona Court of Appeals makes no reference to the Confrontation Clause or the Sixth Amendment. (*See* doc. 11-1, Ex. E at 43-45, 49-50). Because Petitioner's direct appeal did not allege a Confrontation Clause violation, this issue was not "fairly presented" under *Baldwin* and is therefore technically exhausted. *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013)("In order to 'fairly present' an issue to a state court, a [habeas] petitioner must 'present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief.").

Petitioner cannot return to state court to exhaust his Confrontation Clause claim. Ariz. R. Crim. P. 32.2(a) precludes Petitioner from filing a PCR petition based on a claim that could have been raised on direct appeal.  Because the Confrontation Clause claim could have been raised on direct appeal alongside Petitioner's other challenges to the trial evidence, Petitioner's claim is procedurally defaulted.

In his Reply, Petitioner does not argue that the Confrontation Clause issue was fairly presented to the Arizona Court of Appeals; instead, Petitioner argues that his procedural default should be excused because Petitioner is "actually innocent." (Doc. 15 at 26, citing *Schlup v. Delo*, 513 U.S. 298 (1995)). Petitioner argues that the Confrontation Clause violation, coupled with Petitioner's assertion that he was unaware that the trailer contained marijuana, demonstrates actual innocence excusing his procedural default. (Doc. 15 at 26).

Petitioner has not established actual innocence. An individual is actually innocent when "he was convicted for conduct not prohibited by law." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). Petitioner has not made such a showing; Petitioner's principal claims are that evidence seized from the vehicle and evidence regarding the 1999

incident should not have been admitted at trial. (Doc. 1 at 39, 43-44). However, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner has not identified evidence that suggests he is factually innocent of the charges of conviction; Petitioner's assertion, without more, that he lacked the mental state to violate the statutes of conviction is insufficient to excuse procedural default. *See Canez v. Ryan*, 25 F. Supp. 3d 1250, 1262 (D. Ariz. 2014)("A petitioner must 'support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.')(citing *Larsen v. Soto*, 742 F.3d 1083, 1095 (9th Cir. 2013)).  Accordingly, Petitioner's procedural default is not excused, and his claim is barred from habeas review. *See Martinez v. Ryan*, 566 U.S. 1, 9 (2012).

**VI.    Conclusion.**

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. See *Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are barred from habeas relief. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus (doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and

Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 14th day of September, 2020.

*Michael T. Morrissey*
_____
Honorable Michael T. Morrissey
United States Magistrate Judge